IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. MASSEY and JACQULYN MASSEY,<br><br>     Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>     Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:16-cv-43-TC |

  Pro se plaintiffs Robert Massey and Jacqulyn Massey have filed a complaint against Defendant United States Department of the Interior ("United States") and various Department of Interior employees (collectively "Federal Defendants"), alleging violation of their constitutional rights, including due process under the Fifth and Fourteenth Amendments. The Masseys bring their action under 42 U.S.C. § 1983. They have also filed a motion for leave to file a second amended complaint ("Motion to Amend") in which they propose to add a cause of action under 42 U.S.C. § 1985 and allege additional facts to support their claims against the Federal Defendants.[1]

  The Federal Defendants have filed a motion to dismiss for lack of subject matter

---

[1] Although the court must construe a pro se litigant's pleadings and papers liberally, the court must not act as his advocate. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009).

jurisdiction because the United States has not waived its sovereign immunity under that statute.[2] They also oppose the Motion to Amend for the same reason. Because the case law clearly establishes that the United States has not waived its sovereign immunity under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985, the court GRANTS the Federal Defendants' Motion to Dismiss and DENIES the Plaintiffs' Motion to Amend.

Under sovereign immunity, the United States government cannot be sued without its consent. E.g., Bowman v. United States, 65 F.3d 856, 857 (10th Cir. 1995). Consent constitutes a waiver of sovereign immunity. But the United States has not waived sovereign immunity for suits against federal agencies or officers under § 1983. Beals v. U.S. Dep't of Justice, 460 Fed. App'x 773, 775 (10th Cir. 2012); Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000); Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997). Accordingly, this court does not have jurisdiction over the Masseys' § 1983 claim, Beals, 460 Fed. App'x at 775, and this court must dismiss that claim against the Federal Defendants.

The United States opposes the Motion to Amend for the same reason. The proposed second amended complaint provides more factual detail about the Masseys' claims against the Federal Defendants, but that alone does not establish subject matter jurisdiction. And their citation to 42 U.S.C. § 1985 does not either.

Although the Masseys correctly note that the United States' opposition to their Motion to Amend did not address their proposed claim under § 1985, the United States' argument extends to the § 1985 claim. The addition of such a claim would not change the result, because the

---

[2]The State of Utah is a co-defendant, but is not a party to this motion.

United States has not waived its sovereign immunity under that section either. Beals, 460 Fed. App'x at 775; Jones v. Nat'l Commc'n & Surveillance Networks, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006)

As for the other section the Masseys rely on—28 U.S.C. § 1343—that section does not create a private cause of action against the United States. It is a jurisdictional statute that creates original jurisdiction for "any civil action authorized by law" to recover damages under § 1985, id. § 1343(a), but it does not waive sovereign immunity under § 1983 or § 1985. Salazar v. Heckler, 787 F.2d 527, 528-29 (10th Cir. 1986). "When federal court jurisdiction is invoked pursuant to [28 U.S.C. § 1343], we must look to the specific 'Act of Congress providing for the protection of civil rights' invoked to determine whether that Act by its terms expresses Congress' consent to suits against the United States by [civil rights plaintiffs]." Id. at 529. In this case, the "specific 'Act of Congress'" is 42 U.S.C. § 1983 and § 1985. As noted above, sovereign immunity has not been waived under those provisions.

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be given freely when justice so requires, the court may deny a motion to amend where amendment would be futile. Jefferson Cty. Sch. Dist. v. Moody's Inv'r Servs., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment" or a motion to dismiss. Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). The Masseys' proposed second amended complaint suffers from the same jurisdictional flaw as the current complaint and so granting their request for leave to amend would be futile.

**ORDER**

For the foregoing reasons, the Federal Defendants' Motion to Dismiss (Docket No. 21) is GRANTED for lack of subject matter jurisdiction, and the Masseys' Second Motion for Leave to Amend Complaint (Docket No. 25) is DENIED as futile.

DATED this 5th day of July, 2016.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge