IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. MASSEY and JACQULYN MASSEY,<br><br>               Plaintiffs,<br><br>       vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR et al.,<br><br>               Defendants. | ORDER AND MEMORANDUM DECISION<br><br><br><br>Case No. 2:16-cv-43-TC |

Pro Se Plaintiffs Robert J. Massey and Jacqulyn Massey filed a civil rights claim against the State of Utah under 42 U.S.C. § 1983. (See Am. Compl., Docket No. 19.) On July 27, 2016, the State of Utah (the only remaining Defendant) filed a motion to dismiss the Amended Complaint with prejudice based on Eleventh Amendment sovereign immunity. (See Docket No. 47.) On August 5, 2016, Robert Massey,[1] in response to the State's motion, filed a motion under Rule 41 of the Federal Rules of Civil Procedure to dismiss the case without prejudice.[2] (See Docket No. 50.) That document also contains an "objection" to the State's motion.

---

[1] After a defendant answers or otherwise responds to a complaint, the plaintiff, upon a motion to the court, may voluntarily dismiss his case without prejudice if the court considers such dismissal proper. Fed. R. Civ. P. 41(a)(2).

[2] The motion to dismiss filed by Robert Massey is written as if it was filed by both Plaintiffs, and it seeks relief for both plaintiffs. But Plaintiff Jacqulyn Massey did not sign the motion. Because a non-attorney may not represent another's interests in court, Mr. Massey's signature is not sufficient to file the motion as to Ms. Massey. Regardless, that procedural defect is immaterial because the court is dismissing the case without prejudice based on the State of Utah's Eleventh Amendment sovereign immunity.

Eleventh Amendment sovereign immunity is the State's main basis for dismissal. But the State also contends that the Amended Complaint fails to state a claim upon which relief may be granted and so it must be dismissed under Federal Rule of Civil Procedure 12(b)(6). (State of Utah's Mot. Dismiss at 4-6 (maintaining that the complaint must be dismissed because the State is not a "person" who may be sued under § 1983 and because the Masseys "have not been deprived of a right secured by the [United States] Constitution or federal law").)

The Eleventh Amendment to the United States Constitution bars any suit against a state in federal court unless the state has expressly waived its sovereign immunity. Edelman v. Jordan, 415 U.S. 651, 663 (1974). Sovereign immunity applies "regardless of the relief sought[.]" Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

The Masseys, who are citizens of the State of Utah, object to the State's invocation of the Eleventh Amendment, which provides that the state's immunity "does not extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of the same state." U.S. Const. amend. XI (emphasis added). But the court must reject their objection. The United States Supreme Court, "draw[ing] upon principles of sovereign immunity," has construed the Eleventh Amendment to establish that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Port Authority Trans–Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990) (emphasis added) (citations omitted). As such, the State of Utah has a viable defense even against the Masseys' suit as long as it has not waived the defense.

Here, the State of Utah has not waived sovereign immunity for civil rights causes of action. See, e.g., Utah Governmental Immunity Act, Utah Code Ann. §§ 63G-7-101 (titled

"Scope of waivers and retentions of immunity"), 63G-7-301 (list of waivers does not include waiver for civil rights causes of action) (LexisNexis 2016 Suppl.);  Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1233-34 (10th Cir. 1999).  Without a waiver, the Masseys' suit fails as a matter of law and the State is entitled to dismissal.

The court does not reach the Rule 12(b)(6) issue regarding whether the Masseys failed to state a claim upon which relief may be granted.  "Once effectively raised, the Eleventh Amendment becomes a limitation on [the court's] subject-matter jurisdiction, and [the court] may not then assume 'hypothetical jurisdiction' to reject a plaintiff's claim on the merits[.]" Harris v. Owens, 264 F.3d 1282, 1288 (10th Cir. 2001).

The State asks the court to dismiss the Amended Complaint with prejudice.  (State of Utah's Reply Supp. Mot. Dismiss Am. Compl. at 2, Docket No. 51.)  But "a dismissal on sovereign immunity grounds . . . must be without prejudice. "  Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Okla. v. City of Guthrie, 654 F.3d 1058, 1069 (10th Cir. 2011) (emphasis added).  For that reason, the State of Utah's Motion to Dismiss With Prejudice (Docket No. 10) is GRANTED IN PART (i.e., the complaint is dismissed) and DENIED IN PART (i.e., the complaint is dismissed WITHOUT PREJUDICE).  The Motion to Dismiss Without Prejudice (Docket No. 50) is DENIED AS MOOT.

SO ORDERED this 26th day of August, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge